UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD WALTER,

    Petitioner,

v.                                                   CASE NO. 8:23-cv-2456-TPB-AEP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER DENYING WALTER'S PETITION FOR A WRIT OF HABEAS CORPUS

Walter petitions for a writ of habeas corpus and challenges his custody in a Florida prison. (Docs. 1 and 4)[1] He states that a state court sentenced him to thirty years in prison, that he received credit for time that he spent in jail, that he has served eighty-five percent of his sentence, and that his imprisonment violates the federal constitution. (Docs. 1 at 1) He calculates that he has served 8,941 days in prison. (Docs. 1 at 1) The Court

---

[1] Walter filed a second identical petition, and the Clerk docketed the second identical petition in *Walter v. Warden, Lake Corr. Inst.*, No. 8:23-cv-2469-MSS-UAM (M.D. Fla.). Judge Mary Scriven directed the Clerk to docket the identical petition in this action. *Walter*, No. 8:23-cv-2469-MSS-UAM, ECF No. 2. This Court rules on both petitions. (Docs. 1 and 4)

preliminarily reviews the petition for facial sufficiency. Rule 4, Rules Governing Section 2254 Cases.

A claim that prison officials violated federal due process by denying gain time is cognizable on federal habeas. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003). However, Walter does not challenge the Florida Department of Corrections' cancellation of gain time. He instead challenges the prison's calculation of his release date.

Judicially noticed records from prison show that Walter is serving three thirty-year sentences for two convictions of attempted first-degree murder and a third conviction of armed robbery. On April 28, 2000, the state court sentenced Walter, and the prison estimates his release on September 15, 2026. Inmate Population Information Detail, Florida Department of Corrections, *available at* https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=376115&TypeSearch=AI.

Walter contends that the prison's calculation violates Article I, Section 9, Clause 2 and Article IV, Section 2, Clause 2 of the United States Constitution and Section 944.275(2)(a), (4)(f), Florida Statutes. (Doc. 1 at 1) Article I, Section 9, Clause 2, prohibits the suspension of the writ of habeas corpus "unless when in cases of rebellion or invasion the public safety may require it." Article IV, Section 2, Clause 2, guarantees the extradition of a

fugitive from one state to another state. Because neither provision of the United States Constitution governs the calculation of a prisoner's release date and a claim based on a violation of state law is not cognizable on federal habeas, Walter's claim fails. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'") (citations omitted).

Accordingly, Walter's petition (Docs. 1 and 4) for a writ of habeas corpus is **DENIED**. A certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Clerk is **DIRECTED** to **ENTER** a judgment against Walter and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of November, 2023.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**